IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THOMAS C. SOSA, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:25-CV-2298-L-BK** |
| | § | |
| **MICHAEL CHANG,** *et al.***,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On October 31, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 7) ("Report") was entered, recommending that the court dismiss with prejudice this action pursuant to 28 U.S.C. § 1915(e)(2)(B) until Plaintiff satisfies the conditions set forth in in *Heck v. Humphrey*, 512 U.S. 477 (1994).[*] The Report also recommends that Plaintiff not be allowed to amend his pleadings, as his claims are "fatally infirm" and, even under the "most deferential review of his complaint, it is highly unlikely that, given the opportunity, [he] could allege cogent and viable legal claims." Doc. 7 at 3-4. Plaintiff filed objections to the Report (Doc. 8), which were docketed on November 18, 2025. His objections and contention regarding actual innocence based on the prosecution's lack of evidence, however, fails to address or overcome the magistrate judge's proposed reason for dismissing this action.

Having considered the pleadings, file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court

---

[*] "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under §1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). In other words, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction unless that conviction has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 487.

**Order – Page 1**

determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections and **dismisses with prejudice** as frivolous this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and as barred by *Heck*.

Further, the court agrees that Plaintiff should not be given the opportunity to amend his pleadings. Although Plaintiff is pro se and has not previously amended, his response to the Report fails to address or explain how he would cure the pleading deficiencies identified by the magistrate judge. The court, therefore, determines that he has pleaded his "best case" such that amendment would be futile and unnecessarily delay the resolution of this litigation.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court **concludes** that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 24th day of November, 2025.

Sam A. Lindsay
United States District Judge